UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPE JONES,

    Plaintiff,

-against-

THE ASSOCIATION FOR REHABILITATIVE
CASE MANAGEMENT AND SUPPORTED
HOUSING PROGRAM, INC.,

    Defendant.

Civ. No.: 1:19-cv-10114 (CM)

**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

McMahon, C.J.:

    Plaintiff Hope Jones brings this action against Defendant, the Association for Rehabilitative Case Management and Supported Housing Program, Inc (hereinafter "ACMH"). The Plaintiff alleges that Defendant discriminated against her on the basis of her disability, in violation of the Fair Housing Act, the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law, the Regulations of the New York State Office of Mental Health, and contracts between ACMH and various city agencies. Plaintiff seeks declaratory relief and injunctive relief, as well as damages, attorneys' fees, and costs, pursuant to 42 U.S.C § 12205; 42 U.S.C § 3613(c); and the New York City and New York State Human Rights Laws.

    Currently before the court is Defendants' motion to dismiss for lack of subject matter jurisdiction made pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth

below, this court has subject matter jurisdiction over the claims asserted by Plaintiff; Defendant's motion to dismiss is denied.

**I.     Factual Background**

Plaintiff Hope Jones is a mentally and physically disabled resident of a housing facility that is part of defendant's Supported Apartments Program ("Supported Housing") serving adults who have been diagnosed with serious mental illness. (Complaint, ¶58, Dkt. No. 1). Defendant, a non-for-profit entity, operates the Supported Apartments Program under contract with the New York State Office of Mental Health. (Compl., ¶31). ACMH leases apartments from building landlords as a tenant, and subsequently subleases to individuals who become part of Defendant's Housing Program. (Id.). Pursuant to its contract with the New York State Office of Mental Health, defendant received funding from the New York State Office of Mental Health and the New York City Department of Health and Mental Hygiene to operate its Housing Programs. (Compl., ¶¶ 32,36).

On June 22, 2018, Defendant commenced a summary eviction proceeding for nonpayment of rent against Plaintiff in Bronx Housing Court. (Complain, ¶63). On December 6, 2018, Plaintiff moved to dismiss the housing court proceeding for failure to plead the correct regulatory status of the subject premises and for failure to follow the New York State Office of Mental Health rules and regulations. (Compl., ¶72). In the alternative, Plaintiff sought an order granting leave to interpose an amended answer, and pursuant to CPLR §408, leave to conduct discovery. (Id.).

On May 16, 2019 the Housing Court issued an order denying Plaintiff's motion to dismiss the proceeding, denying discovery, and granting Plaintiff's motion to amend her answer but striking several of her defenses – including her defense based on her request for reasonable accommodation for her disability, based on the Housing Court's determination that it did not have jurisdiction to consider such a defense. (Compl., ¶76; Zoldessy Decl., Ex. D., Dkt. No. 19). On

June 21, 2019, Plaintiff moved to reargue the portion of her motion seeking to amend her answer and asked the court to reconsider its prior order striking her reasonable accommodation defense (Compl., ¶77). On August 14, 2019 the court denied Plaintiff's motion to reargue, holding that it had properly decided the prior motion. (Compl., ¶78). No judgment was entered against Plaintiff in the May 16, 2019 housing court order. (Zoldessy Decl., Ex. D.).

By letter dated July 17, 2019, Plaintiff asked ACMH for reasonable accommodations. (Compl., ¶78). By letter dated September 23, 2019, Plaintiff made a second request for same. (Id.). Specifically, Plaintiff's request for reasonable accommodations included requests for (1) discontinuing the Petition for Nonpayment with prejudice; (2) assisting Plaintiff with a rental assistance grant application to address rental arrears; and (3) repairing conditions in her apartment. (Id.).

On September 9, 2019, Plaintiff filed a Housing Court case seeking repairs in her apartment. (Compl., ¶81). Shortly thereafter, on October 31, 2019, Plaintiff commenced this case, alleging that ACMH unlawfully discriminated against her on the basis of disability and deprived her of an equal opportunity to use and enjoy her housing accommodations, in violation of the aforementioned federal, state and local statutes. (Compl., ¶83).

## II. Discussion

### I. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if a court lacks subject matter jurisdiction over the claims asserted. The plaintiff asserting subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). When deciding whether subject matter jurisdiction exists at the pleading stage, the Court

"must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). "[I]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b) (1), a district court . . . may refer to evidence outside the pleadings." Makarova, 201 F.3d at 113 (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). Where, as here, a party also seeks a determination on the merits of its claim, the Court must first resolve the issues raised in the Rule 12(b)(1) motion. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

## II. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; 28 U.S.C. § 1343 for actions arising under laws providing for the protection of civil rights; and 42 U.S.C. § 12133 as an action pursuant to the Americans with Disabilities Act of 1990. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's federal and state law claims are related and arise out of a common nucleus of related facts.

Federal district courts such as this Court are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) (internal quotations omitted). Without either a constitutional or statutory basis for jurisdiction, a federal district court lacks subject matter jurisdiction and may not preside over a case. Id.

Defendant argues that the Rooker-Feldman doctrine precludes review of Plaintiff's claims. Under the so-called Rooker-Feldman doctrine, federal courts lack subject matter jurisdiction over actions that are, in substance, simply appeals from state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-15 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). "The Rooker–Feldman doctrine bars challenges in federal court to the

4

substance of state-court decisions which are more properly raised on appeal, even where such challenges appear to raise questions of federal law on their face." Allen v. Mattingly, 2011 WL 1261103, at *8 (E.D.N.Y. Mar. 29, 2011) (citing Hoblock v. Albany County Board of Elections, 422 F.3d 77, 87 (2d Cir. 2005)). In other words, where the doctrine applies, the federal district court lacks subject matter jurisdication and may not hear the case.

Recently, however, the Supreme Court has strictly "confined" the Rooker-Feldman doctrine "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). In this Circuit, this language has consistently been interpreted to impose four conditions, each of which must be met for the Rooker-Feldman doctrine to bar the court from hearing the case:

> (1) the party raising the claim must have lost in state court; (2) that party's injuries must be caused by the state court judgment; (3) that party's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the federal court proceedings.

Allen, 2011 WL 1261103, at *8 (citing McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010); Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010); Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2d Cir.2005)). Requirements (1) and (4) are "procedural," whereas requirements (2) and (3) are "substantive." Hoblock, 422 F.3d at 85.

Not even the first requirement necessary to implicate the Rooker-Feldman doctrine is met here; the federal-court plaintiff must have lost in state court. See Id. Here, the Housing Court held that it lacked jurisdiction to adjudicate Plaintiff's discrimination claims under the Fair Housing Act and the Americans with Disabilities Act; it never entered a judgment against the Plaintiff on

5

the issue. (Complaint, ¶76; Zoldessy Decl., Ex. D). The Housing Court simply declined to dismiss the case and refused to allow Plaintiff to amend her answer to include these issues as affirmative defenses. See Id.

The Civil Court Act and Article 7 of the Real Property Actions and Proceedings Law provide the housing court with limited jurisdiction in summary proceedings, that is: actions for the recovery of possession of real property under various circumstances, and actions for the collection of rent. See New York City Civil Court Act § 204; RPAPL 711. "Requiring the housing court to hear any manner of claim merely because they arise, however tangentially, out of the same facts as an article 7 proceeding would turn the housing court into a court of general jurisdiction." Wheeler v. Linden Plaza Pres. LP, 172 A.D.3d 608, 609, 102 N.Y.S.3d 17, 18 (N.Y. App. Div. 2019).

The Plaintiff alleges an injury – discrimination based on disability – that arises under Federal law, and that could not have been adjudicated in the Housing Court proceeding. Thus, there is no judgment in the Housing Court Case that would implicate the Rooker-Feldman doctrine. The Court denies the Defendants' motion to dismiss for lack of subject matter jurisdiction.

**III.  Conclusion**

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 17.

This constitutes the decision and order of the Court.

Dated: January 30, 2020

_____
Chief Judge