USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HOPE JONES,

        **Plaintiff,**

  -against-                     Civ. No.: 1:19-cv-10114 (CM) (JLC)

THE ASSOCIATION FOR REHABILITATIVE
CASE MANAGEMENT AND SUPPORTED
HOUSING PROGRAM, INC.,

        **Defendant.**

----------------------------------------------------------------x

### STIPULATION AND ORDER OF CONFIDENTIALITY

**WHEREAS**, Plaintiff Hope Jones and Defendant The Association for Rehabilitative Case Management and Supported Housing Program, Inc. ("ACMH") (each, a "Party," and collectively, the "Parties") in the above-captioned action ("Action") have conferred and expressly agreed to the following terms and conditions concerning the disclosure of certain information the Parties consider to be of a confidential nature; and

**WHEREAS**, the Parties have agreed to enter into this Stipulation and Proposed Order of Confidentiality ("Confidentiality Stipulation") to prevent unnecessary dissemination or disclosure of such information;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth herein, **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their respective counsel, that:

    1.    This Confidentiality Stipulation applies to any communication, document, thing, or testimony (or any portion thereof), regardless of how it is obtained and whether it be in paper or electronic format, that contains: medical information, including, but not limited to, psychiatric

information, counseling, prescription medications, hospitalization, or other medical treatment; or other information that is private and personal or could potentially be used to identify any individual, including, but not limited to, bank account numbers, bank routing numbers, medical record numbers, and social security numbers (collectively, "Confidential Information"). This Confidentiality Stipulation governs the use of Confidential Information during all phases of this Action.

2. Any Party to this Action or any third party covered by this Confidentiality Stipulation, who produces or discloses any Confidential Information (the "Producing Party") shall visibly mark the same with the designation "CONFIDENTIAL," as described in Paragraph 9 herein. In addition, all Confidential Information obtained by Defendant pursuant to a duly authorized release from Plaintiff shall be treated as confidential.

3. Notwithstanding Paragraphs 2 or 9 herein, any document or other item containing Confidential Information shall be treated as confidential, in accordance with this Confidential Stipulation, regardless of whether the Producing Party has marked it "CONFIDENTIAL," as described in Paragraph 9 herein.

4. The provisions of this Confidentiality Stipulation are in addition to, and do not supersede, any rights or obligations of the Parties with respect to treatment of confidential information under applicable laws or regulations.

5. The Parties shall not, directly or indirectly, disclose Confidential Information other than to the following qualified recipients:

(a) The Parties, including any current or former employees of the Defendant who may be witnesses in this case or with whom Defendant's counsel needs to consult in order to defend this case and to the extent deemed necessary to the conduct of this litigation by the

respective attorneys for Plaintiff or Defendant or, for current employees, to the extent such individual employees would have access to the Confidential Material as part of their employment with Defendant;

      (b)      The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing or trial in this Action, and any special master or mediator appointed by the Court or agreed to by the Parties;

      (c)      Counsel for the Parties in this Action and their secretarial, clerical, paralegal, or other supporting personnel;

      (d)      A witness, other than one included in Paragraph 5(a), who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action, during that witness's testimony at a deposition, hearing, or trial in this Action, or in preparation for the same, provided that the disclosing party has advised the witness of the contents of this Confidentiality Stipulation and the witness has acknowledged receipt and understanding of this Confidentiality Stipulation by signing the Individual Confidentiality Agreement, attached as Exhibit A;

      (e)      Court reporters, videographers, and their staffs, retained by or for the Parties in connection with any deposition, discovery, hearing, or trial in this Action;

      (f)      Vendors (other than court reporters, videographers, and their staffs) retained by or for one or both of the Parties in connection with any deposition, discovery, hearing, or trial in this Action and only to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendant and provided that the disclosing party has advised such person of the contents of this Confidentiality Stipulation and that such

person has acknowledged receipt and understanding of this Confidentiality Stipulation by signing the Individual Confidentiality Agreement, attached as Exhibit A;

    (g) Independent experts or consultants assisting or advising the Parties or their counsel for purposes of this Action, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendant and provided that the disclosing party has advised such person of the contents of this Confidentiality Stipulation and that such person has acknowledged receipt and understanding of this Confidentiality Stipulation by signing the Individual Confidentiality Agreement, attached as Exhibit A;

    (h) Other persons, not included in Paragraphs 5(a)-(g), above, only upon written agreement between the Parties or by order of the Court, provided that the disclosing party has advised such person of the contents of this Confidentiality Stipulation and such person has acknowledged receipt and understanding of this Confidentiality Stipulation by signing the Individual Confidentiality Agreement, attached as Exhibit A;

  6. All executed Individual Confidentiality Agreements shall be retained by counsel for the Party who discloses Confidential Information in this way.

  7. All Confidential Information shall be used by the Party receiving the Confidential Information (the "Receiving Party") solely for purposes of this Action.  No Party shall make any other use of any such Confidential Information obtained through discovery, depositions, trial, or other hearing in this Action, including, but not limited to, use in any other legal proceeding, except as permitted by order of the Court or agreement of the Parties.

  8. No person receiving or reviewing Confidential Information shall disclose or discuss such Confidential Information in any manner, written or oral, to or with any person who

is not entitled to receive such Confidential Information pursuant to this Confidentiality Stipulation.

9. Confidential Information may be designated as subject to this Confidentiality Stipulation as follows:

(a) With respect to documents, by marking the initial page and the page or pages on which any Confidential Information appears with the appropriate legend "CONFIDENTIAL."

(b) Testimony or information disclosed at a deposition may be designated as Confidential by indicating on the record at the deposition the specific testimony that contains Confidential Information that is to be made subject to the provisions of this Confidentiality Stipulation. Alternatively, a Party may designate testimony or information disclosed at a deposition as Confidential by notifying the other Party, in writing, within twenty (20) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Confidential, which period may be extended by agreement of the Parties. Upon being informed that certain portions of a deposition are to be designated as Confidential Information, each Party shall limit disclosure of that transcript in accordance with Paragraphs 2, 3, and 5 herein. Whether or not designation is made at the time of a deposition, the entirety of each deposition shall be treated as Confidential from the taking of the deposition until twenty (20) days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner. Nothing in this provision shall prevent the Parties from using any information or materials treated as Confidential Information at depositions, trial, or in Court filings in this Action. Any filings with the Court during the 20-day period shall be filed with the Court under seal or with redactions of the information being treated as Confidential.

(c) In the case of responses to interrogatories and other discovery requests or responses, information contained therein may be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL."

10. A Party seeking to file Confidential material ("Filing Party") must make an application to the Court to have any Confidential Information (including Confidential Information contained in portions of documents or transcripts) or any document, pleading, or memorandum that discloses the substance or content of Confidential Information used in connection with any motion or other written submission in this Action redacted or filed under seal in accordance with any procedures mandated by the Court, or must provide counsel for the other Party with sufficient notice to enable opposing counsel to request that the Filing Party redact Confidential Information or make its filing under seal. Per the Court's instructions, the only documents that may be filed under seal are documents (including briefs) that contain Confidential Information, which shall be filed under seal in unredacted form. As to any document filed under seal, a version of the document shall also be publicly filed with redactions that are limited only to any Confidential Information appearing in the document. Per the Court's instructions, the only documents that may be filed under seal are documents (including briefs) that contain Confidential Information, which shall be filed under seal in unredacted form. As to any document filed under seal, a version of the document shall also be publicly filed with redactions that are limited only to any Confidential Information appearing in the document. If any Party fails to redact Confidential Information or file Confidential Informational under seal, any Party or third party may request that the Court redact the Confidential Information or place such filing under seal. For avoidance of doubt, this provision applies to all Confidential

Information, regardless of whether the material being filed has been marked "CONFIDENTIAL."

11. Nothing in this Confidentiality Stipulation shall prevent the Parties from using any information or materials designated as Confidential Information at depositions or trial in this Action. However, a Party may request that the portion of the proceeding be maintained under seal or in redacted form in accordance with Paragraph 10 hereof. If a Party wants to disclose Confidential Information at a hearing or conference attended by persons who are not covered by Paragraph 5, the Party seeking such disclosure shall provide sufficient advance notice to the other Party, of what Confidential Information is sought to be disclosed, so that the other Party shall have a meaningful opportunity to submit written opposition to the proposed disclosure.

12. Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information is in fact confidential; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, protection, or immunity of any such information, document, or the like.

13. If counsel for the Receiving Party objects to the designation of any information, document, or the like as Confidential Information, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, any time before trial of this Action, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection and shall state with particularity the grounds for asserting that the document or information constitutes Confidential Information. If the designating party or third party makes a

response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as described above cannot be resolved by agreement, the Party seeking non-confidential treatment may seek an order from the Court that the specified materials are not entitled to be treated as confidential. The document or information that is the subject of the filing shall be treated as Confidential Information pending resolution of the dispute.

14. Any inadvertent or unintentional failure by the Producing Party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or materials. Such inadvertent or unintentional disclosure may be rectified by the Producing Party by (i) notifying in writing, as soon as practicable after the Producing Party discovers the inadvertent or unintentional disclosure, counsel for the Party to whom the material was disclosed that the material should have been designated confidential, and (ii) promptly reproducing the material (at the Producing Party's expense) with the appropriate designation.

15. If the inadvertent or mistaken disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by either Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502, and any other applicable rules and laws. Pursuant to Federal Rule of Evidence 502(d), such inadvertent or mistaken disclosure of such information, document, or thing shall not constitute a waiver by the Producing Party of any claims of privilege or protection in this Action or in any other federal, state, city, or administrative proceeding, including, but not limited to, the Parties' action before the New York City Housing Court. However, nothing herein restricts the

right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

16.  The Receiving Party shall promptly notify the Producing Party in writing if any information comes to the Receiving Party's attention, which information may indicate there was an inadvertent disclosure by the Producing Party of Confidential Information. The Receiving Party shall use reasonable efforts to prevent further unauthorized disclosure of the Confidential Information.

17.  If the Disclosing Party makes a claim of inadvertent disclosure of Confidential Information, the Receiving Party shall, within five business days, return or destroy all copies of the inadvertently disclosed information.

18.  Confidential Information may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the Parties, provided, however, that, in the event that counsel for a Party intends to produce documents containing Confidential Information in response to such an order, counsel for the disclosing Party shall serve notice of such order upon counsel for the Party that designated the materials Confidential Information, identifying the Confidential Information it intends to produce, not less than five (5) business days prior to the production thereof, to give the Parties the opportunity to seek a protective order against such production.

19.  Insofar as the provisions of this and any other confidentiality stipulation entered in this Action restrict communication regarding and use of information produced hereunder or there under, such confidentiality stipulation shall continue to be binding after the conclusion of this Action.

20. This Confidentiality Stipulation has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this Action.  Neither the agreement of the Parties, nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation shall constitute evidence or an admission with respect to any issue in this Action or in any other action.

21. This Confidentiality Stipulation is without prejudice to the right of any Party or any third party to seek modification of the Confidentiality Stipulation upon good cause shown.  This Confidentiality Stipulation may also be modified or amended by written agreement of the Parties.

22. Within 30 days after the termination of this Action, including any appeals, any Confidential Information, including all copies of documents constituting and/or containing Confidential Information, shall be returned to counsel for the Producing Party or, upon written consent of the Producing Party's counsel, shall be destroyed, and all notes and other materials containing or referring to information derived from Confidential Information shall be destroyed, with the following exception:  Counsel for the Receiving Party shall be entitled to retain complete copies of all pleadings, correspondence, depositions, and discovery responses and pre-trial motions, as well as exhibits thereto, attorney-client communications and work product, whether or not they contain Confidential Information.

23. The Parties agree to be bound by this Confidentiality Stipulation even before entry of this Confidentiality Stipulation by the Court.  This Confidentiality Stipulation applies to all material produced in the Action, whether such material is produced before or after the entry of this Confidentiality Stipulation and whether produced by a Party or non-party.

24. Electronic or faxed copies of signatures on this Confidentiality Stipulation shall have the same force and effect as original signatures.

Dated: June 30, 2020

BRONX LEGAL SERVICES
Christopher D. Lamb, Esq.
Edward Josephson, Esq.
Fernando Mancias, Esq.
John McDonald, Esq.
349 E. 149th Street, 10th Floor
Bronx, New York 10451
(718) 928-3700

GIBSON, DUNN & CRUTCHER LLP
Amer Ahmed, Esq.
C. Stella Cernak, Esq.
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiff*

JACKSON LEWIS P.C.
Jason Zoldessy, Esq.
Iciss Tillis, Esq.
666 Third Avenue
29th Floor
New York, NY 10017
(212) 545-4021

*Attorneys for Defendant*

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**IT IS SO ORDERED:**

_____    Date: July 29, 2020
JAMES L. COTT                                              New York, NY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HOPE JONES,

                **Plaintiff,**

    -against-                                        Civ. No.: 1:19-cv-10114 (CM)

THE ASSOCIATION FOR REHABILITATIVE
CASE MANAGEMENT AND SUPPORTED
HOUSING PROGRAM, INC.,

                **Defendant.**

-------------------------------------------------------------x

## **CERTIFICATION**

      The undersigned hereby acknowledges that he or she is aware that material is being provided pursuant to a Confidentiality Stipulation issued in the above-captioned case in the United States District Court for the Southern District of New York, that a copy of that Confidentiality Stipulation has been given to the undersigned, and that the undersigned has carefully reviewed its terms and conditions.

      The undersigned further certifies that he or she will not reveal Confidential Information to anyone, except as otherwise allowed by the Confidentiality Stipulation, and that he or she will maintain any Confidential Information in his or her possession, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access and in accordance with the terms and conditions of the Confidentiality Stipulation.

      The undersigned declares under penalty of perjury that the foregoing is true and correct and that this certification is executed this ___ day of _____ in the year _____.


_____
Signature


_____
Printed Name